# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| TAMMY NESBITT,<br><br>*Plaintiff*,<br><br>v.<br><br>COMMISSIONER GREG DOZIER<br><br>*Defendant*. | CIVIL ACTION NO.<br>5:19-cv-00013-TES |

**ORDER ON PLAINTIFF'S MOTIONS FOR RECONSIDERATION**

Before the Court are Plaintiff Tammy Nesbitt's two Motions for Reconsideration [Docs. 6 & 8] in which she asks the Court to reconsider its previous order dismissing her claims as frivolous. *See* [Doc. 4]. After reviewing Plaintiff's submissions, the Court finds—for the reasons explained below—that it would grant her Motions for Reconsideration if it had not been divested of its jurisdiction by Plaintiff's Notice of Appeal [Doc. 7]. Accordingly, this Order is the Court's "indicat[ion] that it would grant the motion[s]" for reconsideration if the Eleventh Circuit remanded the case thus restoring the Court's jurisdiction to grant these motions. *See Mahone v. Ray*, 326 F.3d 1176, 1180 (11th Cir. 2003). If Plaintiff wishes the Court to rule on these motions, she "should . . . make a motion in [the Court of Appeals] for a remand of the case so that [this Court] can grant relief." *Id.*

## **BACKGROUND**

Plaintiff filed this case ("*Nesbitt I*") on January 8, 2019, with a Complaint containing allegations of wrongdoing by certain employees of the Georgia Department of Corrections.[1] *See* [Doc. 1]. Along with her Complaint, Plaintiff filed an Equal Employment Opportunity Commission ("EEOC") right to sue letter [Doc. 1-2]—which is required for this type of claim—and a motion for leave to proceed *in forma pauperis*. [Doc. 2]. The Court granted Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* but dismissed her case on January 11, 2019, as frivolous under 28 U.S.C. § 1915(e). [Doc. 4, at p. 3]. Following the Court's dismissal, Plaintiff filed a second action asserting the exact same claims without correcting the issue the Court identified in her first case. *Nesbitt v. Dozier*, 5:19-cv-00023-TES ("*Nesbitt II*") [Doc. 1]. Plaintiff also filed a motion for leave to proceed *in forma pauperis* in her second case. [*Nesbitt II*, Doc. 2]. In light of the fact that Plaintiff had not corrected the deficiency from her prior case, the Court again granted her Motion for Leave to Proceed *in Forma Pauperis* but dismissed her Complaint as frivolous in an order materially identical to the order of dismissal the Court issued in *Nesbitt I*. *See* [*Nesbitt II*, Doc. 4]. On the same day the Court dismissed *Nesbitt II*, Plaintiff filed a Motion for Reconsideration in *Nesbitt I* effectively asking the Court to allow her to amend her Complaint. [Doc. 6]. However, before the Court was able to rule on her Motion for

---

[1] Plaintiff generally alleges violations of the Americans with Disabilities Act based on failure to accommodate, harassment, and disparate treatment. *See generally* [Doc. 1].

Reconsideration, Plaintiff filed notices of appeal in *Nesbitt I & II. See* [Doc. 7; *Nesbitt II*, Doc. 6].

On the same day Plaintiff filed her Notices of Appeal, she also filed a second motion for reconsideration in *Nesbitt I* and a third case asserting the same claims as in *Nesbitt I & II*. [Doc. 8]; *Nesbitt v. Ga. Dep't of Corr.*, 5:19-cv-00045-TES ("*Nesbitt III*"). However, unlike in her prior cases, Plaintiff appropriately identified her former employer—rather than a fellow employee—as the defendant in *Nesbitt III*. In other words, Plaintiff corrected the deficiency that resulted in the Court's dismissal of *Nesbitt I & II*.

## **DISCUSSION**

Although Plaintiff's arguments in her Motions for Reconsideration are not entirely clear, the Court construes these motions as raising two objections to the Court's order of dismissal. First, Plaintiff asks the Court to "reverse the decision to grant summary judgement [sic] to Defendant James E. Donald" because Plaintiff "did not list his name in [her] Complaint." [Doc. 6, at p. 1]. Second, Plaintiff asks the Court to allow her to amend her Complaint to resolve the defect identified in the Court's order of dismissal. [*Id.*] ("Corrections have been amended in my complaint if permission is required I take this oppunity [sic] to ask the court to allow me to amend my complaint."). The Court construes this argument as both a Motion for Reconsideration and a Motion to Amend to add the Georgia Department of Corrections as a defendant.

3

The Court begins with Plaintiff's argument concerning the Court's reference to a James E. Donald in its order of dismissal and finds that it is without merit. The only reference to a James E. Donald in the Court's order of dismissal was in a quote drawn from another case in which there was a defendant named James E. Donald. *See* [Doc. 4, at p. 3] (quoting *Hooks v. Ga. Dep't of Corr.*, 5:06-cv-002 (CAR), 2008 WL 11442010, at *3 (M.D. Ga. Mar. 17, 2008)). To be clear, the Court was very much aware of the fact that Plaintiff did not intend to include a James E. Donald as a defendant in this case at the time it issued its order of dismissal. Because the Court was not mistaken as to the defendants in Plaintiff's Complaint, the Court finds that this argument is not a valid basis for reconsidering its prior decision.

However, the Court is persuaded that Plaintiff should be afforded an opportunity to amend her Complaint. "An employee must file a Title VII complaint within 90 days of exhausting his administrative remedies and after receipt of a 'right-to-sue' letter from the EEOC." *Wakefield v. Cordis Corp.*, 211 F. App'x 834, 838 (11th Cir. 2006) (citing 42 U.S.C. § 2000e-5(f)(1)). The expiration of this 90-day period is tantamount to the running of a statute of limitations. *See Stallworth v. Wells Fargo Armored Servs. Corp.*, 936 F.2d 522, 524 (11th Cir. 1991) (referring to 90-day limitations period as a statute of limitations). In this case, Plaintiff noted on her EEOC right to sue letter that she received it on October 15, 2018; therefore, the limitations period for filing this action expired on January 13, 2019. *See* [Doc. 1-2]. Plaintiff filed *Nesbitt I* on January 8, 2019, in compliance with the 90-day

4

limitations period. *See* [Doc. 1]. However, the Court issued its order of dismissal on January 11, 2019, and the clerk mailed that order on January 14, 2019—after the limitations expired.

Consequently, the Court's previous order was, in effect, a dismissal with prejudice because any subsequently filed Complaint would almost certainly be dismissed for failure to comply with the 90-day limitations period. *See Ciralsky v. Central Intelligence Agency*, 355 F.3d 661, 671 (D.C. Cir. 2004) (acknowledging that dismissal after expiration of statute of limitations functions as a dismissal with prejudice). As the Eleventh Circuit noted in *Hines v. Thomas*, "[d]ismissals with prejudice are drastic remedies" that "are not appropriate unless the district court finds both that there is a clear record of delay or willful misconduct and that lesser sanctions are inadequate." 604 F. App'x 796, 800 (11th Cir. 2015). The Court finds that there is no clear record of delay or willful misconduct in this case. Thus, to avoid the prejudicial effect of its prior order, the Court would grant Plaintiff's Motion for Reconsideration and allow her to amend her Complaint to add the Georgia Department of Corrections as a defendant in this case.

However, as noted above, the Court lacks jurisdiction to enter such an order at this time. "As a general matter, the filing of a notice of appeal deprives the district court of jurisdiction over all issues involved in the appeal." *Mahone*, 326 F.3d at 1179. This rule is subject to an exception for district courts considering and denying motions under Federal

Rule of Civil Procedure 60(b).[2] *Id.* But the *Mahone* court made clear that this exception applies only to the *denial* of Rule 60(b) motions and does not permit the Court to *grant* a Rule 60(b) motion once a party files a notice of appeal. *Id.* ("However, following the filing of a notice of appeal district courts do not possess jurisdiction to grant a Rule 60(b) motion."); *see also Munoz v. United States*, 451 F. App'x 818, 820 (11th Cir. 2011). Instead, when a district court is confronted with a Rule 60(b) motion that it would grant but for a pending appeal, it should "indicate its belief that the arguments raised are meritorious" and "the movant may then petition the court of appeals to remand the matter so as to confer jurisdiction on the district court to grant the motion." *Id.* (citing *Bovee v. Coopers & Lybrand, C.P.A.*, 272 F.3d 356, 359 n.1 (6th Cir. 2001)). If Plaintiff elects to submit a motion to the Eleventh Circuit to remand her case, she "must promptly notify the circuit clerk under [Federal Rule of Appellate Procedure] 12.1, to petition for a remand to the district court." *Munoz*, 451 F. App'x at 820.

## **CONCLUSION**

As explained above, the Court has reviewed Plaintiff's Motions for Reconsideration and finds that they are meritorious with regard to the issue of amendment. However, the Court lacks jurisdiction to grant these motions until Plaintiff petitions the Eleventh Circuit to remand her case pursuant to Federal Rule of Appellate

---

[2] Although Plaintiff does not characterize her Motions for Reconsideration as Rule 60(b) motions, the Court construes them as such in light of the Court's entry of judgment in this case and Plaintiff's failure to specifically characterize these motions under some other Federal Rule of Civil Procedure.

Procedure 12.1. If Plaintiff petitions the Eleventh Circuit and it remands the case, the Court will grant Plaintiff's Motions for Reconsideration and allow her to amend her Complaint to add her former employer—Georgia Department of Corrections—as a defendant in this action.

**SO ORDERED** this 28th day of February, 2019.

<u>S/ Tilman E. Self, III</u>
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
